IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEIDA HUKMAN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-0741 |
| | : | |
| US AIRWAYS/AMERICAN AIRLINES, | : | |
| et al. | : | |

### MEMORANDUM

**Juan R. Sánchez, J.**                                                   **August 3, 2017**

Pro se Plaintiff Sheida Hukman brings this action under Title VII of the Civil Rights Act of 1964 against US Airways and numerous US Airways employees (US Airways Defendants), and three Republic Airways employees (Republic Airways Defendants) alleging Defendants discriminated and retaliated against Hukman based on her national origin and race while she was employed at US Airways. US Airways Defendants and Republic Airways Defendants have filed separate motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Because there is no individual liability under Title VII, the motions will be granted with respect to all individual US Airways and Republic Airways employee Defendants. The US Airways Defendants' motion with respect to US Airways, however, will be denied, and Hukman will be given leave to further amend her Amended Complaint to add Republic Airways as a Defendant, and other non-Title VII claims Hukman has attempted to assert under federal law.

---

[1] On April 28, 2017, Republic Airways Defendants Brian Beidelman, Dwight C. Harken, and Amy Heindel filed a motion for a more definite statement, which this Court granted as unopposed on May 26, 2017. On June 9, 2017, Hukman filed a response to Defendants' motion for a more definite statement, which the Court will treat as an Amended Complaint.

BACKGROUND[2]

Hukman identifies as a "Middle Eastern female of Kurdish descent from I[raq]." Am. Compl. 1. On May 22, 2007, Hukman began employment with US Airways as a customer service agent. Beginning in 2009, Hukman was discriminated against and harassed by US Airways and certain employees through derogatory comments based on her national origin[3] and denial of approximately three promotions for which she was qualified. US Airways instead promoted less qualified employees outside of Hukman's protected classes.

Between 2011 and 2013, Hukman engaged in various protected activity for which she was later retaliated against by US Airways and Republic Airways employees. In April 2011, Hukman complained to a US Airways senior manager that she had observed illegal activities conducted by US Airways employees, such as "smuggling" individuals onto flights. Am. Compl. 3. On August 31, 2011, Hukman filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC). In late 2012, Hukman filed a complaint with the Federal Aviation Administration (FAA) and Homeland Security concerning a November 15, 2012, incident during which Defendants Amy Heindel and Dwight Harkins exhibited "airport rage" prior to a US Airways flight. In July 2012 and February 2013, Hukman also filed written complaints with US Airways Management alleging certain US Airways fights did not meet balance and weight restrictions issued by the FAA. All complaints, however, were ignored.

Following Hukman's complaints, "US Airways almost immediately [b]egan to engage in a campaign to retaliate and constructively discharge" Hukman by harassing her in an effort to

---

[2] The following facts are drawn from the Complaint, the allegations of which the Court accepts as true for purposes of deciding the instant motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding a court considering a Rule 12(b)(6) motion to dismiss should "assume the[] veracity" of the complaint's "well-pleaded factual allegations").

[3] Hukman asserts these comments occurred on November 6, 2010, and in March and May 2012.

force her to resign.  *See* Pl.'s Resp. & Objs. to US Airways Defs.' Mot. to Dismiss 16-17.  On or around December 10, 2012, US Airways placed Hukman on medical leave, citing her "trouble interacting with her co-workers and managers," and requiring Hukman to submit a medical evaluation before returning to work.  Am. Compl. 14.  US Airways referred Hukman to Dr. Karen Cruey for a psychotherapy examination, but provided Dr. Cruey with false information about Hukman.  Dr. Cruey in turn referred Hukman to her friend, Dr. Pratt, "to set [her up] for permanent termination."  *Id.* at 15.  On February 20, 2013, US Airways informed Hukman that Dr. Cruey believed Hukman could not safely and effectively perform her job duties as a customer service agent, removed Hukman from service, and demanded Hukman seek treatment from a psychologist.  US Airways further told Hukman she would need another evaluation before returning to work. Hukman was terminated from her employment with US Airways in December 2015.

Hukman commenced this action on February 16, 2017.  She alleges US Airways discriminated and retaliated against her by assigning her to work as a supervisor but not paying her a supervisor's wage; failing to promote her for positions for which she was qualified; refusing to prevent employee harassment; failing to resolve safety regulatory violations; "[g]iving her frivolous [d]isciplinary actions"; and orchestrating her termination by "suspending her and forcing her to take a medical examination without justification."  *Id.* 1, 11-12, 14. Hukman also alleges Republic Airways "engaged with US Airways" to retaliate and discriminate against her.  *Id.* at 12; *see also id.* at 17, 19-20, 24.

Defendants move to dismiss the Amended Complaint based on Hukman's failure to exhaust her administrative remedies and her failure to comply with this Court's May 26, 2017, Order granting the Republic Airways Defendants' motion for a more definite statement and directing Hukman to file an amended complaint in compliance with Federal Rules of Civil

Procedure 8 and 10.[4]   Defendants also move to dismiss the Amended Complaint as to the employee-Defendants based on the lack of individual liability under Title VII.

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*   In evaluating a Rule 12(b)(6) motion, a court first must separate the legal and factual elements of the plaintiff's claims.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Id.* at 210-11.  The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  Because Hukman proceeds pro se, the Court construes her pleadings liberally and "will apply the applicable law, irrespective of whether [she] has mentioned it by name."  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

---

[4] The Court declines to dismiss Hukman's Amended Complaint for failure to comply with the May 26, 2017, Order.  It is evident Hukman has made an effort to file an abbreviated version of her original Complaint and to specify the alleged violations of her rights and the Defendants responsible for those violations.  Further, the Amended Complaint must be construed liberally, *see McDowell v. Del. State Police*, 88 F.3d 188, 189 (3d Cir. 1996), and its allegations adequately provide Defendants fair notice of Hukman's claims and against whom those claims are made, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (noting "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case for discrimination" so long as the complaint "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

### A.  Individual Liability under Title VII

Defendants argue Hukman's claims against all individual Defendants must be dismissed. The Court agrees.  Although Title VII prohibits employers from engaging in discriminatory employment practices, *see* 42 U.S.C. 2000e-2(a), individual employees may not be held liable, *see Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII.").

 Hukman argues the individual employees may be held liable under Title VII as "agents" of US Airways and Republic Airways.  *See* 42 U.S.C. § 2000e(b) (defining "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person").  Nevertheless, the law is clear in this Circuit that "individual employees cannot be held liable under Title VII."  *Sheridan*, 100 F.3d at 1077; *see Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 184 (3d Cir. 1997) ("[T]his court in an en banc decision, joined the majority of other circuits in concluding 'that Congress did not intend to hold individual employees liable under Title VII.'" (quoting *Sheridan*, 100 F.3d at 1077)); *Slater v. Susquehanna Cty.*, 613 F. Supp. 2d 653, 662 (M.D. Pa. 2009), *aff'd*, 465 F. App'x 132 (3d Cir. 2012) ("The Third Circuit Court of Appeal's disposition on individual liability under Title VII is clear—Congress did not intend to enact individual liability with this statute.").  Hukman's Title VII claims against all individual Defendants are therefore dismissed with prejudice.

### B.  Republic Airways

In her Amended Complaint, Hukman appears to add a discrimination claim against Republic Airways.  *See* Am. Compl. 17.  However, Hukman's attempt to add Republic Airways as a defendant is inadequate.   In the caption of her original Complaint, Hukman fails to list Republic Airways as a defendant, and in the list of additional individuals Hukman sought to add

as defendants attached to the original Complaint, Hukman explicitly states she is suing only the three Republic Airways employees, "not Republic Airways." Compl. Ex. 3, at 15. Moreover, in its May 26, 2017, Order, the Court advised Hukman that individuals and entities not included in the caption of the complaint will not be included as defendants in this matter, and Hukman failed to list Republic Airways in the caption of her Amended Complaint, only adding the company to the caption of her Response to Republic Airways Defendants' Motion to Dismiss. Hukman has therefore failed to provide Republic Airways with sufficient notice of its status as a defendant in this matter. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."); *Dickerson v. Montgomery Cty. Dist. Atty's Office*, No. 04-4454, 2004 WL 2861869, at *3 (E.D. Pa. Dec. 10, 2004) (holding plaintiff's attempt to name additional defendants "by typing their names and the words 'Amended Complaint' on the summons, or announcing his intention to sue them in his Response to Defendants' Motions to Dismiss" was insufficient). Nevertheless, Hukman will be granted leave to amend to properly assert a claim against Republic Airways. *See Miller v. Trometter*, No. 11-811, 2012 WL 5933015, at *9 (M.D. Pa. Nov. 27, 2012) (granting plaintiff leave to amend where he failed to name certain additional plaintiffs in the caption of the amended complaint, but included them in the factual allegations and specifically named them in one count of the amended complaint).

### C. Exhaustion

The US Airways Defendants argue the Amended Complaint must be dismissed for failure to exhaust administrative remedies, and to the extent they are exhausted, Defendants argue Hukman's claims are time-barred. Defendants further argue "there is insufficient evidence to determine whether Plaintiff's allegations are within the scope of her EEOC Complaints and whether they are timely," as the only evidence of exhaustion she provided is the right to sue letter pertaining to her April 2016 charge with the EEOC. US Airways Defs.' Reply 3.

6

Under Title VII, a plaintiff must exhaust her employment discrimination claims by filing an administrative charge before she will be allowed access to federal judicial relief. *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) (citing 42 U.S.C. § 2000e-5(c)); *see Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (noting that to bring a claim under Title VII, "a plaintiff must file a charge of discrimination with the EEOC and procure a notice of the right to sue").   A plaintiff must submit her charge "within 300 days of the challenged employment action." *Id.* (citing 42 U.S.C. § 2000e-5(e)(1)).   The ensuing suit in federal court "is limited to claims that are within the scope of the initial administrative charge." *Williams v. E. Orange Cty. Charter Sen.*, 396 F. App'x 895, 898 (3d Cir. 2010); *see Atkinson v. LaFayette Coll.,* 460 F.3d 447, 453 (3d Cir. 2006) (noting Title VII allegations must "fall fairly within the scope of the . . . EEOC complaint, or the investigation arising therefrom" (internal quotation marks omitted)); *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976) ("The parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.").

In her Amended Complaint, Hukman alleges she filed a charge with the EEOC on August 31, 2011.   In her Response to US Airways Defendants' Motion to Dismiss, she further asserts she "filed the complaint with the EEOC within 300 days of each alleged act [o]f discrimination and retaliation," and asserts she filed four charges against US Airways between 2001 and 2016.[5] *See* Pl.'s Resp. and Objs. to US Airways Defs.' Mot. to Dismiss 31.   Hukman alleges these charges were based on discrimination, retaliation, refusal to promote, suspension, and

---

[5] Hukman asserts she filed charges with the EEOC in August 2001, August 2012, December 2012, and April 2016.

termination.  Hukman attached a November 29, 2016, right to sue letter from the EEOC to her original Complaint, *see* Compl. Ex. 2 at 23, but has not attached any charge filed with the EEOC.

Because Hukman alleges she has filed four charges with the EEOC, and has provided the dates of and underlying basis for those charges, Hukman has adequately pleaded exhaustion.  *See Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) ("A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC . . . ."); *cf. Allen v. N.J., Pub. Defender*, No. 16-8661, 2017 WL 3086371, at *8-9 (D.N.J. July 20, 2017) (finding plaintiff, who had "failed to allege in his [c]omplaint that he timely filed his charge of discrimination with the EEOC . . . and that he subsequently received a Notice-of-Right-to-Sue," and alleged only in his opposition to defendant's motion to dismiss that he "made complaint at [the EEOC]," had failed to adequately allege exhaustion under Title VII).  Contrary to Defendants' assertion, Hukman need not provide evidence of those charges or their scope in order to survive Defendants' Motion to Dismiss, as the Court considers only the allegations of the Amended Complaint and the documents attached thereto.  *See Butler v. BTC Foods Inc.*, No. 12-492, 2012 WL 5315034, at *4 (E.D. Pa. Oct. 19, 2012) ("While there is no requirement that a right to sue letter be attached to a complaint, a discrimination suit is limited to claims asserted in the EEOC charge, and therefore, [p]laintiff must allege the basis for the charge."); *Sample v. Keystone Mercy Health Plan*, No. 12-3188, 2012 WL 5401015, at *2 (E.D. Pa. Nov. 5, 2012) (finding plaintiff, who alleged that she filed a complaint with the EEOC and that the EEOC issued a right to sue letter on specific dates, but did not attach the right to sue letter, adequately pleaded exhaustion of administrative remedies);  *Wardlaw v. City of Phila.*, No. 09-3981, 2011 WL 1044936, at *3 (E.D. Pa. Mar. 21, 2011) (finding plaintiff was not required to attach his EEOC charge or the right to sue letter to his complaint, as his only burden at the motion to dismiss stage was to sufficiently allege

exhaustion (citing *Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984)); *Young v. Bensalem Twp.*, No. 04-1292, 2004 WL 1656610, at *3 (E.D. Pa. July 23, 2004) (accepting as true plaintiffs' allegations that they filed discrimination complaints with the EEOC on a certain date, even though defendants attached to their motion to dismiss plaintiffs' EEOC charge of discrimination of a different date, as there was no need to "sort out the filing date of the EEOC complaint(s)").

Further, although Defendants argue "it appears [Hukman] filed a charge with the EEOC at some point in 2016," and thus her claims would be limited to acts that occurred within 300 days of filing the charge, *see* US Airways Defs.' Mot. to Dismiss 6 n.3, Hukman alleges she filed four charges with the EEOC over a 15-year period, and it is therefore premature to decide which of Hukman's claims may be time-barred.[6] *See Kellam v. Indep. Charter Sch.*, 735 F. Supp. 2d 248, 251 (E.D. Pa. 2010) (noting that generally defendants may assert a state of limitations defense by way of motion to dismiss when the defense appears on the face of the complaint, but when matters outside of the complaint are necessary to establish the defense, raising it under Rule 12(b)(6) is usually not permitted).  And because Hukman's allegations in the Amended Complaint "can reasonably be expected to grow out of" the previous charges for discrimination, retaliation, refusal to promote, suspension, and termination, *Ostapowicz*, 541 F.2d at 399, the Court cannot conclude at this time whether her current claims fall within the scope of those complaints.  The Court therefore declines to dismiss the Amended Complaint based on a failure to exhaust administrative remedies.

---

[6] The Court notes that even if Hukman's claims are so limited, she alleges US Airways terminated her employment in December 2015, and thus her Title VII claim pertaining to her termination would likely be timely.

**D. Additional Claims**

In her responses to Defendants' motions to dismiss, Hukman appears to assert additional claims based on violations of the Fair Labor Standards Act (FLSA); the Family and Medical Leave Act (FMLA); the Safe Place Act[7]; and 49 U.S.C. § 46503.[8]  *See* Pl.'s Resp. & Objs. to US Airways Defs.' Mot. to Dismiss 27-28.  US Airways Defendants argue that to the extent Hukman attempts to bring non-Title VII claims, such claims must be dismissed, as they were raised for the first time in Hukman's response to Defendants' motion.  The Court agrees.  Because Hukman failed to bring any claim under the FLSA or FMLA in her original or Amended Complaint, these claims will be dismissed without prejudice.  *See Nesmith v. Beaver Cty. Jail*, No. 11-388, 2012 WL 3245495, at *1 (W.D. Pa. Aug. 8, 2012) ("Because plaintiff did not raise [additional] claims in his [c]omplaint or [a]mendment, but rather raised them in his [r]esponse [to defendant's motion to dismiss], they will not be addressed."); *Gueson v. Feldman*, No. 00-1117, 2002 WL 32308678, at *4 (E.D. Pa. Aug. 22, 2002) (holding plaintiffs, who had attempted to assert a new claim for the first time in their response to defendant's motion to dismiss, had failed to properly plead new claim and claim was therefore noncognizable).

An appropriate Order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[7] To the extent Hukman raises a claim under the "Safe Place Act," the Court is unable to identify the Act under which Hukman intends to bring her claim.  The claim is therefore dismissed without prejudice.

[8] Section 46503—"Interference with security screening personnel"—is a criminal statute under which Hukman cannot bring a civil claim.  *See* 49 USC 46503 (subjecting an individual to fines or imprisonment for assaulting an airport or air carrier employee who has security duties within the airport, or interferes with the performance of the duties of that employee).  This claim is therefore dismissed with prejudice.