```
LAW OFFICES OF CRAIG A. ALTMAN, ESQUIRE, P.C.
BY:  ALLAN J. AIGELDINGER, III, ESQUIRE   ATTORNEY FOR DEFENDANT
ATTORNEY I.D. NO.:  72739                 DR. KAREN CRUEY
19 S. 21st STREET
PHILADELPHIA, PA 19103
(215) 569-4488
```

| | | |
|---|---|---|
| SHEIDA HUCKMAN | : | UNITED STATES DISTRICT |
| | : | COURT FOR THE EASTERN |
| VS. | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| DR. KAREN CRUEY, ET AL. | : | NO. 2:17-cv-00741 |

## ANSWER OF DEFENDANT DR. KAREN CRUEY TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

Defendant Dr. Karen Cruey by and through her counsel Law Offices of Craig A. Altman, P.C. hereby answers Plaintiff's Complaint with Affirmative Defenses and Crossclaims and in support thereof avers as follows:

Pages 1. through 11. of plaintiff's complaint are denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs and the same are deemed denied. By way of further response, the averments in these pages pertain to defendants other defendant Dr. Karen Cruey and accordingly no responsive pleading is required.

Pages 12. of plaintiff's complaint is denied. The averments in these pages pertain to defendants other defendant Dr. Karen

Cruey and accordingly no responsive pleading is required. To the extent these paragraphs are addressed to answering defendant. It is admitted that defendant Dr. Karen Cruey performed an examination of the plaintiff. It is denied. She was contacted by anyone of behalf of U.S. Airways to make sure that the plaintiff does not go back to work. To the contrary, defendant Dr. Karen Cruey was contracted through Exam Works to perform an examination of the plaintiff. Any averments pertaining to the contents of Defendant Dr. Karen Cruey's report are denied. The report speaks for itself and is attached as exhibit 24 to plaintiff's complaint.

Pages 13. of plaintiff's complaint is denied. The averments in these pages pertain to defendants other defendant Dr. Karen Cruey and accordingly no responsive pleading is required. To the extent these paragraphs are addressed to answering defendant. It is admitted that defendant Dr. Karen Cruey performed an examination of the plaintiff. It is denied. She was contacted by anyone of behalf of U.S. Airways to make sure that the plaintiff does not go back to work. To the contrary, defendant Dr. Karen Cruey was contracted through Exam Works to perform an examination of the plaintiff. Any averments pertaining to the contents of Defendant Dr. Karen Cruey's report are denied. The report speaks for itself and is attached as exhibit 24 to plaintiff's complaint.

Pages 14. through 17. of plaintiff's complaint are denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs and the same are deemed denied. By way of further response, the averments in these pages pertain to defendants other defendant Dr. Karen Cruey and accordingly no responsive pleading is required.

**WHEREFORE,** Defendant demands judgment in her favor and against the plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Answering defendant hereby incorporates by reference the preceding paragraphs of its Answer as though the same were set forth herein at length.

### SECOND AFFIRMATIVE DEFENSE

The applicable Statute of Limitations may have expired prior to the institution of this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state of cause of action in her Complaint upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Answering defendant reserves the right to assert at the time of trial any and all affirmative defenses revealed through

discovery.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action may be barred by the doctrine of release, waiver, laches, merger, collateral estoppels and/or res judicata and/or the single controversy doctrine.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action may be barred by the doctrine of release, waiver, laches, merger, collateral estoppels and/or res judicata and/or the single controversy doctrine.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not an employee of answering defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to bring a TITLE VII claim against answering defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action may be barred by the doctrine of release, waiver, laches, merger, collateral estoppels and/or res judicata and/or the single controversy doctrine.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff was not a patient of answering defendant.

### TENTH AFFIRMATIVE DEFENSE

Answering defendant acted reasonably, prudently and in good faith at all times material hereto.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering defendant provided an honest and truthful medical examination report.

### TWELTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to bring a claim under the Fair Labor Standards Act, the Family Medical Leave Act, the Safe Place Act and/or pursuant to 49 U.S.C. sec. 46503 against answering defendant.

**WHEREFORE**, Defendant demands judgment in her favor and against the plaintiff.

### CROSSCLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 13(G), DIRECTED TO DEFENDANTS US AIRWAYS, INC., AMERICAN AIRLINES, REPUBLIC AIRLINES, BRIAN BIEDEMAN, HARKINS, DEWITT, AMY HANDELL, JACQUELINE EDWARDS, ERIC STAPLES, LAURA WILLIAMS ANDERSON, DESPINA ZANIKOS, KEVIN BAILEY, ROBERT YORI, NICOLE BLANCHARD, JEFF COLEBURN, NINA BENEVENGA, AND ROBERT WESTON

1. Answering defendant hereby incorporates by reference the preceding paragraphs of its Answer as though the same were set forth herein at length.

2. If plaintiff suffered losses, injuries and/or damages as alleged in her complaint, which are strictly denied by answering defendant, said losses, injuries and/or damages were caused solely

by the conduct of defendants US AIRWAYS, INC., AMERICAN AIRLINES, REPUBLIC AIRLINES, BRIAN BIEDEMAN, HARKINS, DEWITT, AMY HANDELL, JACQUELINE EDWARDS, ERIC STAPLES, LAURA WILLIAMS ANDERSON, DESPINA ZANIKOS, KEVIN BAILEY, ROBERT YORI, NICOLE BLANCHARD, JEFF COLEBURN, NINA BENEVENGA, AND ROBERT WESTON, and not by any conduct attributable to defendant Dr. Karen Cruey.

3. If plaintiff suffered losses, injuries and/or damages as alleged in her complaint, which are specifically denied by answering defendant, defendants US AIRWAYS, INC., AMERICAN AIRLINES, REPUBLIC AIRLINES, BRIAN BIEDEMAN, HARKINS, DEWITT, AMY HANDELL, JACQUELINE EDWARDS, ERIC STAPLES, LAURA WILLIAMS ANDERSON, DESPINA ZANIKOS, KEVIN BAILEY, ROBERT YORI, NICOLE BLANCHARD, JEFF COLEBURN, NINA BENEVENGA, AND ROBERT WESTON are solely liable to plaintiff.

4. In the alternative, defendant US AIRWAYS, INC., AMERICAN AIRLINES, REPUBLIC AIRLINES, BRIAN BIEDEMAN, HARKINS, DEWITT, AMY HANDELL, JACQUELINE EDWARDS, ERIC STAPLES, LAURA WILLIAMS ANDERSON, DESPINA ZANIKOS, KEVIN BAILEY, ROBERT YORI, NICOLE BLANCHARD, JEFF COLEBURN, NINA BENEVENGA, AND ROBERT WESTON, are jointly and severally liable with and/or liable over defendant Karen Cruey for any losses, injuries and/or damages which plaintiff may have suffered, same strictly denied by plaintiff.

5. If defendant Dr. Karen Cruey should be adjudged liable to plaintiff which is strictly denied, defendants US AIRWAYS, INC., AMERICAN AIRLINES, REPUBLIC AIRLINES, BRIAN BIEDEMAN, HARKINS, DEWITT, AMY HANDELL, JACQUELINE EDWARDS, ERIC STAPLES, LAURA WILLIAMS ANDERSON, DESPINA ZANIKOS, KEVIN BAILEY, ROBERT YORI, NICOLE BLANCHARD, JEFF COLEBURN, NINA BENEVENGA, AND ROBERT WESTON, are liable to answering defendant for contribution and/or indemnity, including, without limitation, indemnity against any verdict, judgment, attorney's fees, interest and costs.

**WHEREFORE**, Defendant demands judgment in her favor and against all other parties.

_____
ALLAN J. AIGELDINGER, III, ESQUIRE
ATTORNEY FOR DEFENDANT DR. KAREN CRUEY

DATED: 8/11/17